NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              x
WYATT,                        x     Hon. Stanley R. Chesler, U.S.D.J.
                              x
         plaintiff,           x
                              x     Civil Action No. 05-4490
v.                            x
                              x     OPINION
JS PROCUREMENT CORP., et al., x
                              x
         defendants.          x
_____x
```

**CHESLER, District Judge**

On September 14, 2005, plaintiff James E. Wyatt brought this action against his former employer, defendant JS Procurement Corporation ("JSPC") for benefits under an Employee Retirement Income Security Act ("ERISA") covered benefit plan sponsored by JSPC. [Docket Entry No. 1.] Plaintiff filed an Amended Complaint on November 7, 2005. [Docket Entry No. 3.] Plaintiff generally claims that defendants failed to provide requested documents regarding the plan under which he claims benefits (Am. Complt. ¶¶ 19-25), wrongfully denied him benefits (id. at ¶¶ 26-28); and breached their fiduciary duty to plaintiff (id. at ¶¶ 29-31).

On November 22, 2005, defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry Nos. 4, 5.] In their motion, defendants correctly recite the law regarding this Court's ability to consider only the allegations of the complaint and documents "integral or explicitly relied upon in the Complaint" without converting it into one for summary judgment. (Defendants' Brief at 3.) For this proposition,

1

defendants rely on Cuchara v. Gai-Tronics Corp., in which the District Court for the Eastern District of Pennsylvania, adjudicating a 12(b)(6) motion, considered a documents outside plaintiff's complaint because plaintiff's claims were "heavily based upon" such documents. Cuchara v. Gai-Tronics Corp., No. CIV.A.03-6573, 2004 WL 1438186 at *5 (E.D. Pa. April 7, 2004).[1]  Defendants then argue that, in this case, an August 20, 2004 Release that plaintiff allegedly signed precludes the recovery he seeks. (Defendants' Brief at 4.)  The Release is not mentioned in the Amended Complaint and the Court has little before it with regard to the circumstances under which it was executed.  Plaintiff's certification in opposition to the motion states that the Release did not embody any ERISA-related claims and, indeed, he only discovered these rights in March 2005, after signing the Release. (Certification of James E. Wyatt at ¶¶ 9-13.)  Plaintiff further states that his ERISA claims were excluded from the Release by way of letter dated January 6, 2004.  (Id. at ¶ 25.)

The Court cannot consider the Release in adjudicating the instant motion because plaintiff does not rely on it in his Amended Complaint.  See Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (limiting the type of extrinsic evidence the Court may consider in a motion to dismiss to that which is alleged in the complaint, exhibits attached to the complaint, and matters of public record).  Since the Release forms the sole basis for dismissal, the defendants motion is denied.

The Court will further deny defendants' request that it convert this motion to one under

---

[1] While defendants rely upon the district Court case, they cite "*Cuchara v. Gai-Tronics Corp.* 2005 U.S. App. LEXIS 7885 (3d Cir. Pa., May 4, 2005 . . .*"* (Defendants' Brief at 3.)  The Third Circuit's May 4, 2005 decision does not address the circumstances under which a district court may address documents outside the pleading without converting a 12(b)(6) motion into one for summary judgment under Rule 56.

Rule 56. See Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir.1992) (citations omitted) (recognizing that the district court's discretion in the decision of whether or not to convert a motion to dismiss into one for summary judgment). The Court has not been advised whether or not any discovery has taken place in this case and it would be inappropriate to grant summary judgment at this early stage of litigation. See, e.g., Liberty Lincoln-Mercury v. Ford Motor Co., 134 F.3d 557, 569 (3d Cir. 1998) (holding, before the entry of summary judgment, the Court must provide the parties adequate opportunity to investigate their claims). Indeed, one of the plaintiff's chief complaints is his inability to obtain information about the plan, which bears on his understanding of the scope of his rights at the time of the Release and whether or not he knowingly waived his rights under ERISA. Thus, it would be imprudent to convert the motion to one for summary judgment just to deny it as premature. Had it done so, however, the Court notes several apparent issues of fact that would likely defeat the motion – namely, plaintiff's arguments that the instant claims are outside the scope of the Release and his claims were excluded from the terms of the Release. These issues would arguably prohibit entry of summary judgment in defendants' favor. Accordingly, the Court will not convert the motion.

     An appropriate Order will follow.

January 23, 2006

                                   /s/Stanley R. Chesler
                                   United States District Judge